FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 MAR 27  PM 4: 10

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NEAL MORRIS,                                )
                                            )
         Plaintiff,                         )
                                            )
v.                                          )    Case No. CV 305-57
                                            )
CORRECTIONS CORPORATION OF,                 )
AMERICA, INC., et al.                       )
                                            )
         Defendants.                        )

## ORDER

Plaintiff Morris, a state prisoner incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the instant petition under 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was incarcerated at Wheeler Correctional Facility in Alamo, Georgia. After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation in part for the following reasons. All claims against individual defendants in their official capacity are **DISMISSED**, and claims against Defendants Doe, McBrayer, Donald, Kemp, Clark and Holton in their personal capacities are **DISMISSED**. Claims against Defendant entities CCA, GDOC and PU are also **DISMISSED**. However, this Court does not concur with the Report and Recommendation's dismissal of Defendant Stone.

Plaintiff Morris filed an objection to the Magistrate Judge's Report and Recommendation, which argued that dismissal is improper for Defendants Pat Clark and Robin

Holton because they had notice of Plaintiff's complaints through Grievances he filed. As correctly noted by the Magistrate Judge, in order to state a viable § 1983 claim against Defendants in a supervisory role, Plaintiff must bring allegations which demonstrate either (1) that the Defendant actually participated in the alleged constitutional violation(s), or (2) that there is a causal connection between Defendant's actions and the alleged constitutional violation(s). <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990)). First, Plaintiff has not alleged that Defendants CCA[1], Doe, McBrayer, Donald, Kemp, Clark or Holton had any direct participation in the events about which he complains. Second, although a causal connection may be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, Plaintiff has failed to allege the high threshold of notification to trigger liability of a supervisor under Section 1983. <u>Brown</u>, 906 F.2d at 671. The "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued

---

[1] Plaintiff sues CCA, a private corporation and manager of the prison. Although Plaintiff does not explain upon what basis CCA can be held liable, presumably he contends that CCA should be held responsible for the acts of its employees. However, private employers and corporations cannot be sued under § 1983 simply on a theory of *respondeat superior* or vicarious liability. See <u>Buckner v. Toro</u>, 116 F.3d 450, 452 (11th Cir. 1997); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129-30 (11th Cir. 1992); <u>see also</u> <u>Street v. CCA</u>, 102 F.3d 810, 818 (6th Cir. 1996)(holding that CCA, a private corporation, "cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis")(citing <u>Monell v. Dep't of Social Serv.</u>, 436 U.S. 658 (1978)); <u>Kruger v. Jenne</u>, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000)(explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). Accordingly CCA, as a corporate supervisor, may be dismissed unless Plaintiff alleges (1) direct participation or (2) a causal connection between the violation and CCA.

duration, rather than isolated occurrences." Id.  Although Morris did file grievances to the attention of Defendants Clark and Holton, it is not alleged that such notification and deprivation rises to the threshold of "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id.

The Magistrate Judge's Report and Recommendation has also correctly noted that GDOC and the PU are state agencies, which are barred from being sued under the Eleventh Amendment.  The Eleventh Amendment "insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (finding that GDOC was barred from suit due to Eleventh Amendment immunity).

Accordingly, this Court concurs with the Magistrate Judge's Report and Recommendation in part, and **IT IS HEREBY ORDERED** that Defendants CCA, Doe, GDOC, PU, McBrayer, Donald, Kemp, Clark and Holton are **DISMISSED**.

Plaintiff Morris has also alleged that Defendant Stone visited him on one occasion after Morris returned from the medical clinic.  Plaintiff alleges that Stone stated "he would find out why Plaintiff was being refused the proper medication." (Doc. 2 at 13.)  Plaintiff alleges that since this time, and despite repeated requests for information, Defendant Stone has never followed up with or responded to Plaintiff's subsequent correspondence asking for help.  The Court finds that Plaintiff has alleged facts of sufficient notification to alert Defendant Stone of the abuse, and the Court declines to dismiss Defendant Stone at this time.

Service of process has previously been effected on Defendants Dr. Sightler, Nurse Gay, and Nurse Dinkins. **IT IS HEREBY ORDERED** that service of process shall also be effected on Defendant Stone. The United States Marshal shall mail a copy of the complaint and this Order by first-class mail and request that the Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). If a defendant returns the waiver in timely fashion, he does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, Fed. R. Civ. P. 4(m), and a defendant not timely served may be dismissed. Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant, or upon defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance (Doc. 11) and Motion to Proceed (Doc. 19) be **DENIED** as MOOT. Not only has Plaintiff had ample time to seek legal assistance, but also the Answer of Defendants Sightler, Gay and Dinkins has not been

construed by this Court as a motion to dismiss. If Defendants subsequently file a motion to dismiss, Plaintiff should respond at that time.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Date: March 27, 2006